# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:02-cr-00004-SEP |
| ) | |
| QUSAI MAHASIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Qusai Mahasin's pro se Motion for Reconsideration, Doc. [259], regarding this Court's Order denying his Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Doc. [257]. For the reasons set forth below, the motion is denied.

### BACKGROUND[1]

On July 20, 2022, this Court denied Defendant's Motion for Compassionate Release. Doc. [257]. On August 5, 2022, Defendant appealed the denial of his motion to the Eighth Circuit Court of Appeals, Doc. [258], and moved for reconsideration in this Court, Doc. [259]. The Eighth Circuit summarily affirmed the denial of Defendant's motion on August 24, 2022. Doc. [262]. The Motion for Reconsideration remains pending before this Court. Defendant seeks reconsideration in light of the Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022).

### LEGAL STANDARD

A motion for reconsideration in the civil context "serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *United States v. Luger*, 837 F.3d 870, 875-876 (8th Cir. 2016) (cleaned up). The Eighth Circuit has not decided whether the "civil standard applies to motions for reconsideration raised in criminal cases outside of the suppression context," but has recognized that other Circuits apply the civil standard in criminal cases. *Id*. Without any authority providing a different standard, the Court will apply the civil standard for reconsideration to Defendant's motion.

---

[1] The Court provided a detailed history of this case in its order denying Defendant's Motion for Compassionate Release. *See* Doc. [257]. Here, the Court recites only developments in the case since that order.

## DISCUSSION

Defendant makes two arguments for reconsideration: (1) that his good behavior over the last seven years warrants a reduction in sentence; and (2) that the Court failed to consider the Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022), in its ruling.

Defendant states in his motion that his past seven years of "model conduct negates any risk of danger in his release in 2022 or in the future." Doc. [259] at 3. As this Court stated in its previous order, Defendant's "good behavior and efforts towards rehabilitation are laudable," Doc. [257] at 7, but Congress has made clear that rehabilitative efforts alone do not rise to the level of extraordinary and compelling circumstances to justify a sentence reduction. *See* 28 U.S.C. § 994(t).

Defendant also argues that this Court erred in relying in part on *United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022), in its ruling because the Supreme Court decision in *Concepcion* "effectively abrogated" the decision in *Crandall*. Doc. [259] at 5-6. In *United States v. Rodriguez-Mendez*, the Eighth Circuit held that *Concepcion* did not overrule its decision in *Crandall* because the cases "involved different exceptions to the general rule that a federal court may not modify a term of imprisonment once it has been imposed." 65 F.4th 1000, 1003 (8th Cir. 2023). The defendant in *Concepcion* "sought a reduced sentence under § 404(b) of the First Step Act, which authorizes the district court that imposed a sentence for certain covered offenses to impose a reduced sentence . . . as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* (internal quotation marks and citation omitted). And "[i]t was undisputed that Concepcion committed a covered offense and therefore was eligible for § 404(b) relief." *Id.* "Thus, the issue in *Concepcion* was whether the district court abused its § 404(b) discretion in denying relief because it *could not consider* intervening changes of law or fact after the initial sentencing." *Id.*

In *Rodriguez-Mendez*, as here, the defendant moved for a reduced sentence under § 3582(c)(1)(A), not under § 404(b) of the First Step Act. *Id.* The Eighth Circuit concluded "that *Concepcion* does not bear on the threshold question whether any given prisoner has established an extraordinary and compelling reason for release." *Id.* at 1003-04. Instead, it found the ruling in *Crandall* "that a non-retroactive change in law regarding sentencing . . . cannot contribute to a finding of extraordinary and compelling reasons for a reduction in sentence under § 3582(c)(1)(A)" to be controlling. *Id.* at 1001, 1004 (internal quotation marks

2

and citation omitted). *Rodriguez-Mendez* thus confirms that, at the time of this Court's ruling on Defendant's Motion for Compassionate Release, *Crandall* was binding precedent; it had not been abrogated by *Concepcion*.[2] As such, the Court's reliance on *Crandall* was not a manifest error warranting reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, Doc. [259], is **DENIED**.

Dated this 20th day of February, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] In *Rodriguez-Mendez*, the Eighth Circuit noted that, at that time, the Sentencing Commission had proposed an amendment to § 1B1.13 "to adopt (or to express more clearly) that nonretroactive changes in sentencing law may *not* establish eligibility for a § 3582(c)(1)(A) sentence reduction, as we held in *Crandall*, but may be considered in exercising a court's discretion whether to grant compassionate release relief to an eligible defendant, consistent with the Supreme Court's decision in *Concepcion*." *Rodriguez-Mendez*, 65 F.4th at 1004. That amendment, which took effect November 1, 2023, "specifically authorizes district courts to consider nonretroactive changes in the law (other than nonretroactive changes to the Guidelines Manual) as extraordinary and compelling circumstances warranting a sentence reduction, but only under a narrow set of circumstances." *United States v. Henderson*, No. 4:08-CR-00187-AGF, 2024 WL 881253, at *5 (E.D. Mo. Feb. 23, 2024).